UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GAINES,<br>      Petitioner,<br><br>v.<br><br>ROBERT HOREY, Warden,<br>      Respondent. | Case No. 2:07-cv-01733-AK<br><br><br>ORDER |

  Calvin Gaines was sentenced to seventeen years to life for second degree murder, with an enhancement for use of a firearm. He is in the custody of the California Department of Corrections and petitions for a writ of habeas corpus, challenging his denial of parole by the California Board of Prison Terms.

  **1.** Gaines first argues that the Board deprived him of due process by denying him parole based only on the underlying facts of his crime without any evidence of future dangerousness. When a prisoner's habeas petition has been adjudicated on the merits in state court, the writ will issue only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A parole decision and attendant findings of future dangerousness need only be supported by "some evidence." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128–29 (9th Cir. 2006). This calls for a determination "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 1128 (quoting Superintendent v. Hill, 472 U.S. 445, 455–56 (1985)) (emphasis added).

The Contra Costa County Superior Court, which rendered the last reasoned state court decision, noted that the Board considered three bases for denying Gaines parole. First, the Board noted that Gaines's original offense was part of an escalating and apparently random pattern of criminal conduct, increasing the likelihood that he would engage in future violence. Second, Gaines failed to show the Board that he would be able to comply with the Psychiatric Report's list of conditions necessary for him to be a "good candidate for release." Finally, Gaines provided little documentation to corroborate his parole job and residency plans. All of these considerations rationally support the Parole Board's decision. Thus, the Superior Court's determination that the decision is supported by some evidence is not unreasonable.

**2.** Gaines next argues that there is no "nexus" between the evidence considered by the Board and its decision to deny him parole. But as the Superior Court noted, Gaines's escalating criminal conduct (culminating in a violent murder), his failure to show that he can successfully comply with the Psychiatric Report's list of conditions and his inability to document his post-parole plans all have a clear nexus to the Board's conclusion that Gains would pose an unreasonable risk to society if released. Once again, the Superior Court properly considered the issue and was not unreasonable in resolving it.

**3.** Next, Gaines claims that the Board has arbitrarily converted his indeterminate life sentence to a life sentence without the possibility of parole. This claim is also without merit and the Superior Court reasonably rejected it. The Board took pains to explain that it was denying Gaines parole for only one year and that there were several steps he could take—all enumerated by the Board—to improve his chances for parole in the future.

**4.** Fourth, Gaines argues that refusing to set a determinate sentence makes it impossible for him to challenge his sentence as cruel and unusual punishment in violation of the Eighth Amendment. But the Supreme Court has affirmed the constitutionality of a life sentence even for non-violent property crimes. <u>Rummel</u>

page 4

v. Estelle, 445 U.S. 263, 274 (1980) (explaining that "the length of the sentence actually imposed is purely a matter of legislative prerogative"). Thus, even Gaines's most severe possibility—a life sentence for murder—doesn't violate the Eighth Amendment, making his sentence's indeterminacy irrelevant. It was not unreasonable for the Superior Court to summarily dismiss this claim.

**5.** Gaines is not entitled to an evidentiary hearing because he has not alleged facts that would entitle him to habeas relief if proven. Estrada v. Scribner, 512 F.3d 1227, 1235 (9th Cir. 2008).

The petition for a writ of habeas corpus is **DENIED**.

ALEX KOZINSKI
Chief Circuit Judge
Sitting by designation

June 29, 2009